# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Maria Vargas,<br><br>    Plaintiff,<br>vs.<br><br>Wells Fargo Bank, doing business as<br>America's Servicing Company, and as<br>successor in interest for First National Bank of<br>Arizona; Mortgage Electronic Registration<br>Systems, Inc., a Delaware Corporation;<br>National Default Servicing Corporation, a<br>foreign corporation; Does 1 through 100<br>inclusive,<br><br>    Defendants. | Case No.: 2:12-cv-00145-GMN-RJJ<br><br>**ORDER** |

This action was brought by *pro se* Plaintiff Maria Vargas. Before the Court is the Motion to Dismiss (ECF No. 7) filed by Defendants Mortgage Electronic Registration Systems, Inc. ("MERS") and Wells Fargo Bank, N.A., ("Wells Fargo") incorrectly named as "Wells Fargo Bank," doing business as America's Servicing Company and as successor in interest for First National Bank of Arizona ("Wells Fargo") (collectively, "Defendants")[1]. Plaintiff filed an untimely Response (ECF No. 13) and Defendants filed a Reply (ECF No. 16).

## I. BACKGROUND

Plaintiff filed her Complaint in state court relating to foreclosure proceedings initiated against the property at 8985 South Durango Drive, Unit #1157, Las Vegas, Nevada, 89113, APN#: 176-20-514-057 ("the property"). (ECF No. 1.) Defendants removed the action to this Court. (*Id.*) In her Complaint, Plaintiff alleges six causes of action: (1) Declaratory Relief; (2)

---

[1] Defendant National Default Servicing Corporation was never properly served and was dismissed by the Court on July 11, 2012. (ECF No. 23.)

Slander of Title; (3) Demand for Accounting; (4) Contractual Breach of Implied Covenant of Good Faith and Fair Dealing; (5) Fraud; and (6) Quiet Title. (*Id.*)

In 2006, Plaintiff obtained a loan from First National Bank of Arizona, secured by a Deed of Trust on the property. (Deed of Trust, Ex. 1 to Defs.' RJN, ECF No. 8.)  The Trustee was Chicago Title, and MERS was named beneficiary solely as nominee for the Lender and its successors and assigns. (*Id.*)

A Notice of Default was recorded March 4, 2009 by Chicago Title - ServiceLink, as agent for National Default Servicing Corporation, as agent for America's Servicing Company, and on behalf of the beneficiary. (*Id*. at Ex. 3.)  The Notice of Default stated that as of March 4, 2009, Plaintiff was in default by $11,442.00. (*Id*.)  After two Notices of Trustee's Sale were recorded, the Notice of Default was rescinded by a Notice of Rescission that was recorded January 28, 2010. (*Id* at Exs. 5-7.)

On May 21, 2009, National Default Servicing Corporation assigned the beneficial interest in the Deed of Trust to HSBC Bank USA, National Association ("HSBC Bank").  Also on May 21, 2009, on behalf of HSBC Bank, Wells Fargo substituted National Default Servicing Corporation as Trustee. (*Id*. at Ex. 2.)

**II. LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l. v. Arizona Corp. Comm'n*., 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v.*

*Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir.2008). Rule 8(a)(2) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Prolix, confusing complaints" should be dismissed because "they impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir.1996). Mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), the Court will view Plaintiff's pleadings with the appropriate degree of leniency.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Under Federal Rule

of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

### III. DISCUSSION

**Declaratory Relief and Demand for Accounting**

As discussed below, Plaintiff has failed to properly allege any of her causes of action against Defendants, and the causes of action will be dismissed. Accordingly, Plaintiff's cause of action for Declaratory Relief and her Demand for Accounting must be dismissed as well.

**Slander of Title**

To state a claim for slander of title, Plaintiff must allege that Defendants made false and malicious communications, disparaging to one's title in land, and causing special damage. *See Higgins v. Higgens*, 744 P.2d 530, 531 (Nev. 1987). Here, the Court finds that Plaintiff has not alleged facts sufficient to support her claims that Defendants made false and malicious communications causing special damage. Accordingly this cause of action will be dismissed.

**Contractual Breach of Implied Covenant of Good Faith and Fair Dealing**

To state a claim for breach of the implied covenant of good faith and fair dealing,

Plaintiff must allege: (1) Plaintiff and Defendants were parties to an agreement; (2) Defendants owed a duty of good faith to the Plaintiff; (3) Defendants breached that duty by performing in a manner that was unfaithful to the purpose of the contract; and (4) Plaintiff's justified expectations were denied. *See Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995). Here, Plaintiff has failed to allege sufficient facts supporting her claim that Defendants were parties to the loan origination, or that Defendants owed her a duty of good faith. Accordingly, this cause of action will be dismissed.

### Fraud

To state a claim for fraud, a party must adhere to the heightened pleading standard of Federal Rule of Civil Procedure 9(b). *Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 (9th Cir. 1999). This includes details regarding the "time, place, and manner of each act of fraud, plus the role of each defendant in each scheme." *Lancaster Com. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991). Here, Plaintiff has failed to meet this heightened pleading standard with details as to the circumstances of the alleged fraud. Accordingly, this cause of action will be dismissed.

### Quiet Title

Nevada statutes provide that "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010. "In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself." *Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996). "Moreover, there is a presumption in favor of the record titleholder." *Id.* Here, Plaintiff has failed to allege that she is current in her mortgage payments, and has failed to allege that Defendants are currently making any adverse claim. Accordingly, this cause of action will be dismissed.

### IV. CONCLUSION

1  **IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 7) is **GRANTED**. Plaintiff's Complaint is dismissed without prejudice.  If Plaintiff wishes to file an amended Complaint consistent with this Order, she must do so by January 3, 2013.  Failure to do so will result in the case being closed.

**IT IS FURTHER ORDERED** that the Motion for Hearing (ECF No. 20) is **DENIED as moot.**

**DATED** this 18th day of December, 2012.

_____
Gloria M. Navarro
United States District Judge